**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NAKYLA WASHINGTON,** | Civil Case Number: |
| **Plaintiff,** | **CIVIL ACTION** |
| | **COMPLAINT** |
| **-against-** | **AND** |
| | **DEMAND FOR JURY TRIAL** |
| **RESOLVION, LLC, HONDA FINANCIAL SERVICES and JOHN DOE** | |
| **Defendants.** | |

Plaintiff NAKYLA WASHINGTON, (hereinafter, "Plaintiff"), a Massachusetts resident, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, against Defendants RESOLVION, LLC, HONDA FINANCIAL SERVICES and JOHN DOE (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally breached the peace and repossessed her vehicle from the Plaintiff's driveway without the Plaintiff's consent, thereby violating Massachusetts General Laws 255B, § 20B, Chapter 93A and the UCC. Plaintiff also brings a claim against Resolvion, LLC and John Doe for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff seeks statutory damages, actual damages, punitive damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Plymouth, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Resolvion, LLC, (hereinafter referred to as "Resolvion"), is a repossession company, with its principal place of business in Charlotte, North Carolina.

7. Upon information and belief, Defendant Resolvion is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. For purposes of 15 U.S.C. § 1692f(6), Defendant Resolvion is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Honda Financial Services, (hereinafter referred to as "Honda Financial"), is the financial services arm of Honda Motor Company, with its principal place of business located in Torrance, California.

10. Defendant John Doe (hereinafter referred to as "Doe"), is a repossession company.

11. Upon information and belief, Doe is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

12. For purposes of 15 U.S.C. § 1692f(6), Defendant Doe is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above

paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2019 Honda HR-V, which was financed with a loan through Honda Financial.

15. The Plaintiff purchased and used the 2019 Honda HR-V for her personal use and enjoyment.

16. While attending nursing school, Plaintiff was unable to work as many hours as usual and therefore unable to keep up with her payments, causing her to fall behind on her obligations with Honda Financial.

17. The amounts owed on the Honda Financial loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

18. As a result, Honda Financial contracted with Resolvion to repossess the Plaintiff's vehicle.

19. Upon information and belief, Resolvion does not perform any repossessions itself in Massachusetts, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Honda.

20. Upon information and belief, after being contracted by Honda to repossess the Plaintiff's vehicle, Resolvion arranged for Doe to carry out the actual repossession.

21. At some point in October 2023, the Plaintiff's mother noticed there was a tow truck attempting to repossess the Plaintiff's vehicle, blocking the vehicle in her private driveway.

22. The Plaintiff's mother then went outside her home and confronted the Defendants' repo agent, repeatedly telling the repo agent to stop the repossession and to leave the property.

23. The Defendants' repossession agent did not care and refused to stop the repossession attempt, ultimately repossessing the vehicle on that day.

24. At no point did the Defendants' repossession agent ask for, or obtain, consent to enter on

the Plaintiff's property, at the time of the repossession.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Resolvion and Doe)**

25. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

26. Plaintiff brings this Count against Defendants Resolvion and Doe.

27. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

28. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

29. The Plaintiff's vehicle was parked on her private property – her driveway – during the time that the Defendant unlawfully repossessed her vehicle.

30. To repossess the Plaintiff's vehicle, the Defendants trespassed on the Plaintiff's private property without the Plaintiff's consent, in violation of Massachusetts General Laws 255B, § 20B's which only allows repossessions that can be accomplished without entry on property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

31. Neither the Plaintiff nor her mother ever consented to the Defendants' entry upon their

private property when he arrived at the property to repossess the Plaintiff's vehicle.

32. To repossess the Plaintiff's vehicle, the Defendants also illegally breached the peace in violation of M.G.L. c. 106, § 9-609 which only allows repossessions that can be accomplished without a breach of the peace.

33. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property and after the Defendants breached the peace, and were prohibited from repossessing it.

34. Moreover, while the Plaintiff's vehicle was on the Plaintiff's property and after the Defendants had breached the peace, Plaintiff's vehicle was clearly exempt from repossession or disablement.

35. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property, and were prohibited from repossessing it.

36. As a result, Defendants Resolvion and Doe violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle in October 2023.

37. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants Resolvion and Doe harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

38. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, continuing anxiety, emotional distress, frustration, shame, and embarrassment, by depriving the Plaintiff of her vehicle, by trespassing on the Plaintiff's property and by depriving her of pre-repossession judicial process.

39. By reason thereof, Defendants Resolvion and Doe are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL TRESPASSORY REPOSSESSION**
**M.G.L. c. 255B, § 20B *et seq.***
**(Against All Defendants)**

40. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Plaintiff brings this Count against all Defendants.

42. Massachusetts law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

43. In October 2023, the Defendants illegally repossessed the vehicle by trespassing onto the Plaintiff's private driveway to repossess the Plaintiff's vehicle without Plaintiff's consent or judicial authorization.

44. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; <u>see also</u> Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

45. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including anxiety, frustration, shame, anger, and embarrassment.

## COUNT III

**BREACH OF THE PEACE REPOSSESSION**

**M.G.L. c. 106, § 9-609 *et seq.***
**(Against All Defendants)**

46. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

47. Massachusetts only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

48. Defendants breached the peace when they repossessed the Plaintiff's vehicle by illegally trespassing on the Plaintiff's private property and by continuing with the repossession over the Plaintiff's protests.

49. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Doucette v. Belmont Savings Bank*, 34 Mass. L. Rptr. 183 (Mass. Super. April 14, 2017). As such, Resolvion and Doe's breach of the peace is imputed upon Honda Financial.

50. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including anxiety, anger, frustration, shame and embarrassment.

## COUNT IV

**UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE**
**M.G.L. c. 93A, § 9, *et seq.***
**(Against All Defendants)**

51. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

52. At all relevant times, the Defendants were engaged in trade or commerce.

53. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiff's loan with Honda Financial via non judicial repossession of the vehicle without a present right to possession and in violation of chapter 255B § 20B, M.G.L. c. 255B, § 6, 940 Code Mass. Regs. § 7.07(18)(a), c. 106, § 9 609(b), and M.G.L. c. 93, § 49.

54. More than thirty days before this lawsuit was filed, a demand letter was delivered to each of the Defendants, setting forth Plaintiff's claim under General Laws c. 93A.

## COUNT V

### CONVERSION
### (Against All Defendants)

55. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle and the possessions contained therein by illegally trespassing on the Plaintiff's private property and by illegally breaching the peace.

56. The Defendants then held Plaintiff's vehicle for an indefinite period of time, thereby exercising control over the Plaintiff's property.

57. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff by depriving the Plaintiff of her vehicle. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

58. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration, and embarrassment.

59. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and

attorneys' fees.

## DEMAND FOR TRIAL BY JURY

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     awarding Plaintiff her actual damages incurred;

(b)     Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

(c)     awarding the Plaintiff statutory damages, along with the attorneys' fees

and expenses incurred in bringing this action;

(c)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff such other and further relief as this Court

may deem  just and proper.

Dated: September 10, 2024

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO:  680950
Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
***Pro Hac Vice To Be Filed***